UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BHARAT RESHEROOP,

               Petitioner,

       v.

MERRICK B. GARLAND, *United States
Attorney General*, ALEJANDRO
MAYORKAS, *Secretary of the
Department of Homeland Security*,
THOMAS E. FEELY, *Field Office
Director for Detention Removal*, and
JEFFREY SEARLS, *Facility Director
Buffalo Federal Detention Center*,[1]

               Respondents.

**DECISION AND ORDER**

6:21-CV-06060 EAW

---

## <u>INTRODUCTION</u>

Petitioner Bharat Resheroop ("Petitioner"), an immigration detainee currently detained at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, filed the instant habeas corpus petition on January 22, 2021, seeking release from detention.

---

[1]    Merrick B. Garland became Attorney General of the United States on March 11, 2021, and Alejandro Mayorkas became Secretary of the Department of Homeland Security on February 2, 2021. (*See* Dkt. 9 at 1 n.1). They are thus automatically substituted as respondents pursuant to Federal Rule of Civil Procedure 25(d).

    The government contends that the only proper respondent is Jeffrey Searls ("Searls"), Facility Director of the Buffalo Federal Detention Facility. (*Id.* at 12). Although the Court has previously held that Searls is the only proper respondent in immigration habeas corpus proceedings where Searls is the warden of the facility in which the petitioner is detained, *see e.g.*, *Concepcion v. Barr*, 514 F. Supp. 3d 555, 561-62 (W.D.N.Y. 2021) (collecting cases), this Decision and Order dismisses the action, rendering the issue moot.

(Dkt. 1).  Petitioner argues that his continued detention violates 8 U.S.C. § 1231 and his substantive and procedural due process rights.  (Dkt. 1 at 3-4).

Pending before the Court are Respondents' motion to dismiss (Dkt. 9) and Petitioner's motion for leave to amend the petition (Dkt. 13).  The Court has considered the arguments and evidence set forth in these filings as well as Petitioner's response to the motion to dismiss (Dkt. 11; Dkt. 12) and memorandum in support of his motion to amend (Dkt. 15) and Respondents' opposition to Petitioner's motion to amend (Dkt. 16).  For the reasons set forth below, the Court grants Respondents' motion to dismiss and denies Petitioner's motion for leave to amend as moot.

## BACKGROUND

Petitioner is a native and citizen of Guyana.  (Dkt. 9-1 at ¶ 5).  He entered the United States on or about October 25, 2014, as a nonimmigrant visitor with authorization to remain in the United States not beyond April 25, 2015.  (*Id.*).  On April 1, 2019, Petitioner was convicted of conspiracy in the second degree arising out of the purchase and sale of two kilograms of cocaine in 2016.  (*Id.* at ¶¶ 7-8).  He was sentenced to two to six years of incarceration.  (*Id.* at ¶ 8).

On February 26, 2021, the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") issued a notice to appear to Petitioner, charging him with remaining in the United States past the expiration of his visa in violation of § 237(a)(1)(B) of the Immigration and Nationality Act (the "INA").  (*Id.* at ¶ 9; Dkt. 9-2 at 16-17); *see* 8 U.S.C. § 1227(a)(1)(B).  On March 27, 2020, Petitioner entered ICE custody and was notified that he would be held without bond.  (Dkt. 9-1 at ¶ 10).  At a hearing on

April 15, 2020, Petitioner notified the immigration judge ("IJ") that he had obtained counsel and requested an adjournment. (*Id.* at ¶ 11). He also requested to be considered for bond. (*Id.*).

On May 13, 2020, Petitioner conceded the charge that he remained in the United States longer than his visa permitted and indicated that he intended to apply for withholding of removal. (*Id.* at ¶ 13). Petitioner requested a bond hearing on May 27, 2020, and the IJ instructed him to make a motion including pertinent documentation. (*Id.*).

The IJ issued an order on June 16, 2020, granting Petitioner's request for a bond hearing. (*Id.* at ¶ 16). On June 19, 2020, the IJ rescheduled the bond hearing because she lacked the necessary documentation related to Petitioner's state court conviction. (*Id.* at ¶ 17). On June 23, 2020, Petitioner withdrew his request for a bond hearing.[2] (Dkt. 9 at 6; Dkt. 9-1 at ¶ 15; Dkt. 9-2 at 98). The IJ then held a hearing, denied Petitioner's application for withdrawal of removal, and ordered Petitioner removed to Guyana. (Dkt. 9-1 at ¶ 18).

On July 17, 2020, Petitioner filed a notice of appeal with the Board of Immigration Appeals ("BIA"). (*Id.* at ¶ 17). On December 9, 2020, the BIA remanded the matter to the

---

[2]     Paragraph 15 of the declaration of Nicholas M. Truax submitted with Respondents' motion to dismiss states that on June 3, 2020, the IJ received Petitioner's application for withholding of removal and "schedule[ed] a hearing for June 23, 2020. Also on that date, [Petitioner] withdrew his bond request." (Dkt. 9-1 at ¶ 15). It is unclear whether the date on which Petitioner withdrew his bond request, referred to in second sentence of paragraph 15, is June 3, 2020 or June 23, 2020. However, the transcript of the hearing held on June 3, 2020 (Dkt. 9-2 at 93-96), does not discuss Petitioner withdrawing his request. As such, although Respondents assert that Petitioner twice requested and twice withdrew requests for bond hearings (Dkt. 9 at 3), the record is not clear as to whether Petitioner withdrew his request for a bond hearing on June 3, 2020, and June 23, 2020, or only on June 23, 2020. The Court need not resolve this factual discrepancy because whether Petitioner withdrew his request for a bond hearing once or twice does not alter the Court's analysis.

IJ for further factfinding on Petitioner's application for withholding of removal.  (*Id.* at ¶ 22).  On January 11, 2021, the IJ issued a decision setting forth findings of fact, denying Petitioner's application for withholding of removal, and ordering Petitioner removed to Guyana.  (*Id.* at ¶ 23).

Petitioner filed the instant petition for habeas corpus on January 22, 2021.  (Dkt. 1).  On or about February 10, 2021, Petitioner filed a notice of appeal of the IJ's decision.  (Dkt. 9-1 at ¶ 24).  The BIA set briefing due on April 20, 2021.  (*Id.*).  The record before the Court does not reflect any further procedural developments.

## DISCUSSION

## I.   Jurisdiction

The federal habeas corpus statute gives district courts jurisdiction to hear immigration-related detention cases.  *See* 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (holding federal courts have jurisdiction to review challenges to pre-removal detention); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (holding "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases).  District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts.  *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . which circuit courts alone can consider.").

## II.   Petitioner's Claims

Petitioner asserts that his continuing detention violates 8 U.S.C. § 1231 and his rights to both procedural and substantive due process.  For the reasons set forth below, the Court finds dismissal of these claims without prejudice is required.

### A.   Petitioner is not detained pursuant to 8 U.S.C. § 1231

Petitioner first claims that his detention violates 8 U.S.C. § 1231(a)(6) because he has been detained pending his removal beyond the six-month period that the Supreme Court determined is presumptively reasonable in *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).[3]  (Dkt. 1 at 3).  Petitioner argues that in *Clark v. Martinez¸* 543 U.S. 371 (2005), the Supreme Court extended the presumptively reasonable six-month period set forth in *Zadvydas* to inadmissible aliens.  (*Id.*).  Because his detention exceeds the presumptively reasonable six-month period, Petitioner argues, release is warranted.  (*Id.*).

Respondents contend that Petitioner is detained pursuant to 8 U.S.C. §1226(a) because ICE initiated the removal proceeding pursuant to § 237(a)(1)(B) of the INA for remaining in the United States past the expiration of his B-2 visa, and not because of his criminal conviction. (Dkt. 9 at 5, 8-9; Dkt. 9-1 at ¶ 9; Dkt. 9-2 at 16).  As such, Respondents concede that Petitioner is entitled to the due process protections set out in *Onosamba-Ohindo v. Barr*, 483 F. Supp. 3d 159 (W.D.N.Y. 2020).  (*See* Dkt. 9 at 11-12).

---

[3]      In his motion for leave to amend his habeas corpus petition, Petitioner states that he asserted in the petition that he is detained pursuant to 8 U.S.C. § 1226(c), which mandates detention of aliens with criminal convictions.  (*See* Dkt. 13 at 1).  However, the petition asserts that Petitioner is detained pursuant to 8 U.S.C. § 1231.  (Dkt. 1 at 3).

Section 1231 governs detention of "immigrants in the 'removal period,' the term used in the statute to describe the 90-day period following an order of removal during which 'the Attorney General shall remove the alien.'"  *Aparacio-Villatoro v. Barr*, No. 6:19-cv-06294-MAT, 2019 WL 3859013, at *4 (W.D.N.Y. Aug. 16, 2019 (quoting 8 U.S.C. § 1231(a)(1)(A)).  The removal period begins "on the latest of the following": (i) "[t]he date the order of removal becomes administratively final[;]" (ii) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;]" or (iii) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B).  None of the criteria set forth in 8 U.S.C. § 1231(a)(1)(B) applies to Petitioner and Petitioner is therefore not detained pursuant to 8 U.S.C. §1231.

Petitioner's order of removal is not administratively final.  The Code of Federal Regulations sets forth the criteria for determining whether an order of removal is final.  *See* 8 C.F.R. §1241.1.  The relevant portion of 8 C.F.R. § 1241.1 provides:

> An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal by the Board of Immigration Appeals; (b) Upon waiver of appeal by the respondent; (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time; [or] (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal. . . .

The procedural posture of Petitioner's immigration proceedings does not satisfy any of these criteria.

Petitioner filed his petition on January 22, 2021. (Dkt. 9 at 7).  Although on January 11, 2021, the IJ issued a second decision ordering Petitioner removed to Guyana, on or

about February 10, 2021, Petitioner filed a notice of appeal with the BIA in which briefing was due April 20, 2021.  (*Id.*).  As such, his appeal was pending before the BIA during the pendency of his petition, and there is no indication in the record that the BIA dismissed the appeal, that Petitioner waived appeal, that Petitioner has procedurally defaulted, or that the BIA or Attorney General issued a subsequent decision ordering removal.  Therefore, the order for removal is not administratively final within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i).

Furthermore, the removal order has not been judicially reviewed nor has a court ordered a stay of the order of removal.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii).  Petitioner has not been released from detention or confinement under a proceeding other than an immigration proceeding.  *See* 8 U.S.C. § 1231(a)(1)(B)(iii).  For these reasons, Petitioner is not detained pursuant to 8 U.S.C. §1231, and his allegation that his continued detention violates this statute is without merit.

### B.    **Procedural Due Process**

As an initial matter, and as noted above, Petitioner seeks to amend his petition to reflect that he is detained pursuant to 8 U.S.C. § 1226(a).  (*See* Dkt. 13 at 1).  Respondents concede that Petitioner is detained pursuant to 8 U.S.C. § 1226(a).  (*See* Dkt. 16 at 1).  As such, Petitioner is entitled to procedural due process protections including a bond hearing at which the government bears the burden of showing that Petitioner is a danger or risk of flight by clear and convincing evidence.

In *Onosamba-Ohindo v. Barr*, 483 F. Supp. 3d 159 (W.D.N.Y. 2020), this Court entered a class-wide preliminary injunction requiring that "[a]ll individuals currently

detained at BFDF under § 1226(a) who will have a custody hearing before the Batavia or Buffalo Immigration Courts" be afforded an individualized bond hearing at which the government bears the burden of demonstrating dangerousness or risk of flight by clear and convincing evidence and at which the IJ considers ability to pay and alternative conditions of release in setting bond.[4]   *Id.* at 194.   Accordingly, Petitioner is entitled to an individualized bond hearing.  The government acknowledges that Petitioner has this right and notes that although Petitioner had requested a bond hearing, he withdrew his request. (Dkt. 9 at 3; Dkt. 16 at 1-2).  As such, the government argues, the Court ought not permit Petitioner to bypass the administrative remedies available to him.  (Dkt. 9 at 10-12).

Respondents argue that Petitioner twice requested bond hearings—first on April 15, 2020 (Dkt. 9-1 at ¶ 11), and again on May 27, 2020 (*Id.* at ¶ 14).  As noted above, Respondents claim that Petitioner withdrew his request for a bond hearing on June 3, 2020. (*Id.* at ¶ 15).  However, he was subsequently granted a bond hearing scheduled for June 19, 2020, which was rescheduled because the IJ required further documentation of Petitioner's state court conviction.  (*Id.* at ¶ 17).  It is unclear why the IJ would have granted a request for a bond hearing on June 19, 2020, if Petitioner had withdrawn the request more than two weeks earlier.  However, the record is clear that Petitioner ultimately withdrew his request for a bond hearing on June 23, 2020.  (*Id.* at ¶ 18; Dkt. 9-2 at 98).  Petitioner filed the

---

[4]     Although *Onosamba-Ohindo* was decided after Petitioner withdrew his request for a bond hearing, it had been decided by the time the BIA remanded the matter to the IJ and before the IJ issued the second removal order. Therefore, a bond hearing pursuant to the procedures set forth in *Onosamba-Ohindo* would have been available to Petitioner if he had pursued it at that time.  (*See* Dkt. 16 at 4 n.1).

instant petition for a writ of habeas corpus nearly seven months later on January 22, 2021. (Dkt. 1).

Petitioner states that he withdrew his bond request on June 23, 2020, because the IJ required documentation of his state court conviction, which was not available "due to Covid-19 restrictions." (Dkt. 15 at 2). Petitioner then states that the IJ "relied on a plethora of other facts - facts not provided for by DHS, facts not even argued by DHS." (*Id.*). In doing so, Petitioner argues, the IJ effectively placed the burden on Petitioner instead of on the government. Petitioner contends that by requiring Petitioner to produce documentation of his state court conviction, the IJ "erroneously relieved DHS of its burden of proof and laid it squarely on Petitioner's shoulders." (*Id.*). Petitioner further contends that there is no statutory requirement that he exhaust administrative remedies before pursuing a habeas corpus claim in this Court. (*Id.* at 3).

To the extent that Petitioner is challenging the procedure he was provided in the June 23, 2020 hearing at which the IJ heard facts related to Petitioner's application for withholding of removal, this Court is without jurisdiction to decide those claims. *See Aparacio-Villatoro*, 2019 WL 3859013, at *3 (citing *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 113 (2d Cir. 2008)); *see also De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007) (holding that the REAL ID Act "strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation. . . .").

As to Petitioner's arguments regarding the procedures used in connection with his requests for a bond hearing, although "[t]here is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of

habeas corpus, . . . such exhaustion is generally required as a prudential matter." *Blandon v. Barr*, 6:18-CV-06941 EAW, 2019 WL 7759228, at \*4 (W.D.N.Y. Oct. 28, 2019) (quoting *Paz Nativi v. Shanahan*, No. 16-CV-8496 (JPO), 2017 WL 281751, at \*1 (S.D.N.Y. Jan. 23, 2017)).  However, "[e]xhaustion of administrative remedies may not be required when: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* (quoting *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992)).  None of these exceptions applies to Petitioner.

This Court has previously waived the prudential exhaustion requirement where "the available administrative remedies provide no genuine opportunity for adequate relief because the burden of proof the IJ would use at a bond hearing in the absence of an order from this Court does not comply with due process." *Blandon*, 2019 WL 7759228, at \*4. Other judges in this District have agreed.  *See, e.g.*, *Lopez v. Barr*, 458 F. Supp. 3d 171, 176 (W.D.N.Y. 2020) ("The Court will not require exhaustion here.  Lopez's petition argues that § 1226(a) and the Constitution require the government to bear the burden of proof during a bond hearing.  Such statutory and constitutional questions cannot be decided by an immigration judge or the BIA, and accordingly Lopez was not required to exhaust his administrative remedies before bringing this claim in federal court." (quotation and alterations omitted)).  However, this is not the case in the instant action, as Respondents conceded that, under *Onosamba-Ohindo*, Petitioner is entitled to a bond hearing at which the government bears the burden to show dangerousness or risk of flight by clear and

convincing evidence.   In other words, Petitioner has not received a constitutionally adequate bond hearing solely because he failed to pursue one at the administrative level.

Petitioner argues that he should be excused from exhausting his administrative remedies because the IJ would not proceed with a bond hearing "because the burden was on petitioner to provide the court with documentation of his state court conviction."  (Dkt. 15 at 2).  Petitioner claims that because he was unable to obtain this documentation, he withdrew his request for a bond hearing.  (*Id.*).

Petitioner provides no support for his contention that the IJ denied him a bond hearing based on his alleged inability to produce documentation related to his state court conviction.  Plaintiff merely states, in his unsworn memorandum in support of his motion to amend that "[t]he IJ determined . . . she couldn't move forward with a decision without the document."  (Dkt. 15 at 2).  However, the transcript of the hearing on June 23, 2020, contains no such statement by the IJ.

There is also no indication in Petitioner's papers of the specific documents Petitioner was allegedly required to produce, his effort to obtain those documents, or that he was denied a hearing notwithstanding the difficulties producing the documentation. (*See* Dkt. 9-2 at 139-143)[5].  Furthermore, there is no indication that Petitioner ever

---

[5]     Although Petitioner does not set forth in his petition (Dkt 1), response to respondent's motion to dismiss (Dkt. 12), or memorandum of law in support of his motion to amend (Dkt. 15) any explanation for his alleged inability to produce documentation related to his state court conviction, the attorney representing ICE questioned Petitioner on the issue at the hearing for Petitioner's application for withholding of removal on June 23, 2020, in connection with his claim that he feared returning to Guyana due to the actions of other individuals involved in the drug conspiracy.  (*See* Dkt. 9-2 at 139-143).  During the hearing, Petitioner testified that he wrote a letter to his criminal attorney who had copies

attempted to reassert his request for a bond hearing on remand after *Onosamba-Ohindo* was decided.

In support of his petition, Petitioner did submit a letter dated March 25, 2021 from assigned counsel handling the appeal of his state court conviction. (Dkt. 15 at 9-10). The letter states that counsel has not received copies of the entire record on appeal, and that appellate counsel anticipates a longer-than-usual delay in production of the record due to the Covid-19 pandemic. (*Id.* at 9). However, this letter does not address Petitioner's inability to produce the trial-court documentation that the IJ purportedly sought at the bond hearing originally scheduled on June 23, 2020—approximately nine months prior to the date of the letter regarding the record on appeal.

It is true that this Court has held that instances in which immigration courts placed the burden on an immigration detainee to demonstrate that he or she should be released did not constitute a genuine opportunity for adequate relief because the hearing did not comply with due process. *See, e.g.*, *Blandon*, 2019 WL 7759228, at *4. However, the ultimate question is whether "available remedies provide no genuine opportunity for adequate relief." *Id.* In this case, because the government concedes that Petitioner is entitled to a bond hearing that comports with the procedures mandated in *Onosamba-Ohindo*, the Court

---

of the state court trial transcript. (*Id*. at 142). Although Petitioner's state court trial attorney did not respond to the letter, Petitioner's immigration attorney spoke to the trial attorney in the days before the hearing. (*Id.*). Petitioner stated that he anticipated receiving the trial transcript as soon as his state court trial attorney was able to get it. (*Id*. at 142-43). It thus appears that Petitioner may be confused as to whether the documents in question were required in connection with his request for withholding of removal or in connection with his request for a bond hearing.

sees no basis to find that Petitioner's administrative remedies are inadequate.  Moreover, the Court cannot hold that where a detainee has withdrawn his request for a bond hearing, and nothing in the record indicates he did so under circumstances suggesting that his procedural rights have been violated, a detainee has created an exception to the prudential requirement that he exhaust his administrative remedies before filing a habeas corpus petition in federal court.

Further, Petitioner has not alleged, nor is there any indication in the record, that irreparable injury would occur absent immediate judicial relief or that administrative appeal would be futile.  *See id*.  Petitioner has also not raised a substantial constitutional question*, see id.*, again because Respondents concede his entitlement to a bond hearing with the robust due process protections required by *Onosamba-Ohindo*.

Because Plaintiff has failed to show that any exception to the requirement that Petitioner exhaust administrative remedies prior to challenging his detention applies, the Court will not waive the prudential requirement that Plaintiff must exhaust the administrative remedies available to him before challenging his detention through a habeas corpus petition.   Accordingly,  Petitioner's procedural due process claim must be dismissed.

### C.   Substantive Due Process

Petitioner concedes that Respondents have an interest in detaining him.  (Dkt. 1 at 4).  However, he argues that their interest "does not justify indefinite detention of Petitioner" who had been detained for approximately nine months as of the filing of the

petition.  (*Id.*).  Petitioner further contends that his removal "is not significantly likely to occur in the reasonably foreseeable future."  (*Id.*).

"[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings." *Doherty v. Thornburgh*, 943 F.2d 204, 209 (1991).  "It is axiomatic, however, that an alien's right to be at liberty during the course of deportation proceedings is circumscribed by considerations of the national interest."  *Id.*  If the infringement on an alien's "liberty interest results from a proper exercise of discretion," then a prolonged detention "is not conduct that goes beyond the range of government activity permitted by the Constitution."  *Id.* at 211.  "A substantive due process violation may occur where an alien who has been detained pending removal can establish that his removal is not reasonably foreseeable."  *Jules v. Garland*, 21-CV-6342 CJS, 2021 WL 4973081, at *5 (W.D.N.Y. Oct. 26, 2021) (citing *Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003)).

In *Wang v. Ashcroft*, the Second Circuit reasoned that the *Zadvydas* Court set forth the "reasonable foreseeability" test in order to ensure that § 241 of the INA did not authorize indefinite detention creating a conflict with the Due Process Clause of the Fifth Amendment.  320 F.3d at 146.  If the Due Process Clause "articulates the outer bounds of the government's ability to detain aliens," then "detention 'once removal is no longer reasonably foreseeable' not only violates § 241, it also violates the Due Process Clause." *Id.*  However, where detention is reasonably foreseeable, there is no due process violation. *See Wang*, 320 F.3d at 146 ("Wang's due process rights are not jeopardized by his continued detention as long as his removal remains reasonably foreseeable.").

Petitioner has made no showing that removal is not reasonably foreseeable.  (*See* Dkt. 12 at 4-5).  The IJ originally ordered Petitioner's removal on June 23, 2020.  (Dkt. 9 at 6-7).  Petitioner then appealed this decision to the BIA, which remanded to the IJ to set forth further findings of fact.  (*Id.* at 7).  The IJ issued a second order setting forth additional findings of fact and ordering Petitioner removed on January 11, 2021.  (Dkt. 9-1 at ¶ 23). If the BIA affirms the IJ's order for removal, Petitioner has not identified any obstacles to his removal.  *See Jules*, 2021 WL 4973081, at \*5-6 (finding removal reasonably foreseeable where petitioner's order for removal was appealed to BIA despite 31 months of detention); *see also Perez v. Aviles*, 188 F. Supp. 3d 328, 332-33 (S.D.N.Y. 2016) ("Perez's detention has not been arbitrary or unreasonable.  While Perez's detention has been lengthy, there is no indication of an 'unreasonable delay' by DHS in pursuing or completing Perez's removal.").

Although Petitioner has been detained since May 27, 2020, there is no indication that anything other than Plaintiff's appeals have prolonged his detention.  It is Petitioner's right to pursue such appeals.  However, he "may not rely on the extra time resulting therefrom to claim that his prolonged detention violates substantive due process." *See Perez*, 188 F. Supp. 3d at 333 (quoting *Doherty*, 943 F.2d at 211).  There is no indication in the record that DHS or ICE has created any delay in Petitioner's removal process.

Accordingly, the Court finds that Petitioner's substantive due process claim is without merit.

### D.   Petitioner's Motion to Amend the Petition

Petitioner filed a motion to amend his habeas corpus petition to reflect that he is detained pursuant 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1226(c). (Dkt. 13). "Generally, the court will afford a *pro se* plaintiff an opportunity to amend or be heard prior to dismissal." *Flint v. Jun*, 1:19-CV-00416 EAW, 2019 WL 11838761, at *1 (W.D.N.Y. Oct. 22, 2019) (citation omitted).

In the instant case, Petitioner's proposed amendment would have no impact on the outcome of this case.  The government agrees with Petitioner that he is detained pursuant to 8 U.S.C. § 1226(a), and the Court has construed Petitioner's arguments as if he had stated in the petition that he is detained pursuant to 8 U.S.C. § 1226(a).  Even considering Plaintiff's petition in light of the government's concession that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), the petition must be dismissed for the reasons discussed above.  Accordingly, Petitioner's request for amendment is moot.

### CONCLUSION

For the reasons set forth above, Respondents' motion to dismiss (Dkt. 9) is granted and Petitioner's motion to amend the petition (Dkt. 13) is denied as moot.  The Clerk of Court is directed to close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      January 3, 2022
            Rochester, New York